# EXHIBIT A

**E-FILED**
22EV00307
5/27/2022 1:32 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANDRE GIBSON,                                  )
                                               )
    Plaintiff,                                )
                                               )
V.                                             )
                                               )        CIVIL ACTION FILE NO.:
                                               )
CITY OF ATLANTA, a Municipal                   )
Corporation of the State of Georgia;           )
KEISHA LANCE BOTTOMS, in her                   )
official capacity as the former Mayor of       )
the City of Atlanta; ATLANTA POLICE            )
DEPARTMENT; ERIKA SHIELDS,                     )
in her official capacity as former Chief       )        **RECEIVED**
of the Atlanta Police Department;              )
OFFICER MARTIN individually and in             )        JUN · 8 2022
his official capacity as a Police Officer      )
of the City of Atlanta; JOHN DOE               )        CITY OF ATLANTA
OFFICER 1, JOHN DOE OFFICERS 2,                )        DEPARTMENT OF LAW
JOHN DOE OFFICER 3, JOHN DOE                   )
OFFICER 4, JOHN DOE OFFICER 5,                 )
each individually and in                       )
their official capacity as Police Officers     )
of the City of Atlanta,                        )
    Defendants.                               )

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, Andre Gibson, by and through undersigned counsel, Zenobia A. Waters, Esq., and the Waters Law Firm, P.C., and files this Complaint for Damages against Defendants, City of Atlanta, Keisha Lance Bottoms, in her official capacity as the former Mayor of the City of Atlanta; Atlanta Police Department, Erika Shields in her official capacity as the Former Chief of the Atlanta Police Department, Officer Martin Badge Number 5486, individually and in his official Capacity as a Police Officer of the City of Atlanta; John Doe Officer 1, John Doe Officer 2, John Doe Officer 3, John Doe Officer 4 and John Doe Officer 5 individually and

1

in their official capacity as Police Officers of the City of Atlanta, collectively referred to as Defendants, showing the Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

This action is filed against the City of Atlanta and the Atlanta Police Department, both of which are City Governmental Entities located in Fulton County, Georgia, and can be served at the Office of the Mayor, 55 Trinity Ave SW #2500, Atlanta, Fulton County, Georgia 30303. Statutory notice and demand having been received by the Office of the Mayor for the City of Atlanta and the Chief of Police for the City of Atlanta as required by statute by certified mail on November 23, 2020. (*See* Ante-Litem Notice attached hereto as Exhibit "A").

2.

Plaintiff, Andre Gibson, is a resident of the State of Nevada.

3.

Defendant City of Atlanta, is a municipality, located within Fulton County, Georgia, and organized and existing under the laws of the State of Georgia. The City of Atlanta employs officers Martin and JOHN DOE OFFICERS 1-4, as police officers on a twenty-four hour a day basis, under the laws of the State of Georgia. The City of Atlanta may be served with a copy of this Complaint for Damages and Summons through the Mayor of the City of Atlanta, 55 Trinity Ave SW #2500, Atlanta, Fulton County, Georgia 30303. City of Atlanta is subject to the jurisdiction and venue of this Court.

4.

Defendant, Keisha Lance Bottoms, is the former elected Mayor of the City of Atlanta, who

at all times relevant to this action was employed and duly appointed as Mayor of the City of Atlanta and can be served in her official capacity as the Former Mayor of the City of Atlanta at 995 Regency Crest Drive SW, Atlanta, Fulton County, Georgia 30331.

5.

Defendant Erika Shields is the former Chief of the Atlanta Police Department, who at all times relevant to this action was employed and duly appointed as the Chief of the Atlanta Police Department and can be served with process, in her official capacity, at her place of employment, the Louisville Metro Police Department; 2911 Taylor Boulevard, Louisville, KY 40208-2315.

6.

Defendant Officer Martin ("Martin"), Badge Number 5486, is and, at all relevant times, was a sworn police officer with the City of Atlanta Police Department. In his capacity as a police officer, Martin was responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department. Martin is sued both in his individual and official capacities. Said Defendant is a resident and citizen of the State of Georgia and may be served with process at his place of employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant Martin is subject to the jurisdiction and venue of this Court.

7.

Defendant John Doe Officer 1 acted in concert with Defendant Officer Martin and, at all relevant times, were sworn police officers with the City of Atlanta Police Department. In their capacity as police officers, John Doe Officer 1 was responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations,

customs and usages of the State of Georgia and the City of Atlanta Police Department. John Doe Officer 1 is sued both in their individual and official capacities. Said Defendants are residents and citizens of the State of Georgia and may be served with process at their place of employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant John Doe Officer 1 is subject to the jurisdiction and venue of this Court.

8.

Defendant John Doe Officer 2 acted in concert with Defendant Officer Martin and, at all relevant times, were sworn police officers with the City of Atlanta Police Department. In their capacity as police officers, John Doe Officer 2 is responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department. John Doe Officer 2 is sued both in their individual and official capacities. Said Defendants are residents and citizens of the State of Georgia and may be served with process at their place of employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant John Doe Officer 2 is subject to the jurisdiction and venue of this Court.

9.

Defendant John Doe Officer 3 acted in concert with Defendant Officer Martin and, at all relevant times, were sworn police officers with the City of Atlanta Police Department. In their capacity as police officers, John Doe Officer 3 Defendants were responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department. John Doe Officer 3 is sued both in their individual and official capacities. Said Defendants are residents and citizens of the State of Georgia and may be served with process at their place of

employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant John Doe Officer 3 are subject to the jurisdiction and venue of this Court.

10.

Defendant John Doe Officer 4 acted in concert with Defendant Officer Martin and, at all relevant times, were sworn police officers with the City of Atlanta Police Department. In their capacity as police officers, John Doe Officer 4 Defendants were responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department. John Doe Officer 4 is sued both in their individual and official capacities. Said Defendants are residents and citizens of the State of Georgia and may be served with process at their place of employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant JOHN DOE OFFICERS are subject to the jurisdiction and venue of this Court.

11.

Defendant John Doe Officer 5 acted in concert with Defendant Officer Martin and, at all relevant times, were sworn police officers with the City of Atlanta Police Department. In their capacity as police officers, John Doe Officer 5 Defendants were responsible for policing the City of Atlanta under the color and pretense of federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department. John Doe Officer 5 is sued both in their individual and official capacities. Said Defendants are residents and citizens of the State of Georgia and may be served with process at their place of employment, 2315 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30318. Defendant John Doe Officer 5 are subject to the jurisdiction and venue of this Court.

**FACTUAL BACKGROUND**

5

12.

At all times relevant, Defendants Officer Martin and John Doe Officers #1 – 5, were employed by the Atlanta Police Department as duly appointed police officers and were acting in their individual capacities and/or under the color of state law, and within the scope of their employment.

13.

Plaintiff, Gibson a 64-year-old father, grandfather and a senior citizen who lives in the State of Nevada.

14.

Professionally, Plaintiff is a world renowned, entertainer, vocalist and recording artist. He is known globally as *Antar* and most popularly known for his compilation entitled MEMORIES OF JACKIE(Wilson) by *Antar*.

15.

On or about February 2020, Plaintiff traveled to Georgia to visit his children in Alpharetta, Georgia (Fulton County) and spent time with his granddaughter who suffers with juvenile arthritis.

16.

While visiting in Georgia, Plaintiff began working with renowned filmmaker, television producer and film publicist, Ava DuVernay, a principal in an upcoming film.

17.

In addition to serving as a principal actor in an upcoming film, Plaintiff was also under contract to have a documentary, television series and a full studio album produced about his life.

18.

On or about March 16, 2020, Plaintiff who suffers from Multiple Sclerosis ("MS"), Diabetes ("DM") and Peripheral Artery Disease ("PAD"), had a medical emergency because of

complication with his Diabetes and was hospitalized and treated in Georgia.

19.

On or about March 20, 2020, as a result of the global and national governmental shutdowns due to the COVID-19 pandemic and a recent adverse event with hospitalization, the Plaintiff was unable to leave Georgia.

20.

At all times relevant, Plaintiff is a very well-groomed, educated senior citizen who exercises and takes daily walks to help control his medical conditions.

21.

On Saturday, May 30, 2020, Plaintiff, wanting to experience the Atlanta culture, traveled Metropolitan Atlanta Rapid Transit Authority (MARTA) from the North Springs Marta Station to the Five Point Marta Station. Upon his arrival downtown, Plaintiff went to dine in restaurant located in the CNN center and to tour the facility for several hours.

22.

After leaving the restaurant, Plaintiff observed the Black Lives Matter protest being held at Centennial Park. After peacefully observing the Black Lives Matter protest for about an hour, Plaintiff, who suffers from Multiple Sclerosis (MS), had a MS flare up and moved away from the crowd because he was having difficulty walking and was not feeling well.

23.

Plaintiff was leaving the area and began heading back towards the Five Points Marta Station to return safely to his daughter's home in Alpharetta, Georgia.

24.

At all times relevant, Plaintiff was a well-groomed African American elderly man, wearing a medical necessity face mask, prescription glasses, a Las Vegas Golden Knights Sweater, baseball

cap and well-pressed black pants, appropriate walking shoes and strolling at a normal pace to find the Marta Station to get home.

25.

While waiting at the intersection of the CNN Center and Centennial Park, Plaintiff was suddenly and violently attacked and assaulted by two Caucasian John Doe Officers employed by the Atlanta Police Department (hereinafter "APD").

26.

Without provocation or justification, Defendant Officers violently picked up and slammed Plaintiff to the ground hitting his head on the hard concrete and then placing him face down in the street, and the side of his face was pressed up against the pavement.

27.

In or around the same time, two additional Caucasian John Doe APD Officers joined in the violent assault and melee in an attempt to harm the Plaintiff, a 64-year-old nonthreatening elderly male who was unarmed, nonviolent and showed no signs of any potential danger. These same Defendant Officers again began picking up the Plaintiff and maliciously and brutally slamming him down onto the ground, breaking his prescription glasses and causing Plaintiff to land on his neck and scraping the left side of his face, neck and shoulder.

28.

At all times relevant, none of these Defendant Officers had knowledge of any information to reasonably believe that the Plaintiff was armed, violent or potentially dangerous.

29.

Without provocation or justification, the Defendant Officers after repeatedly slamming Plaintiff to the ground, the four (4) John Doe Caucasian APD Officers then began to pin Plaintiff down with their knees to the ground by balancing their body weight upon Plaintiff's body

employing "maximal restraint technique" – a technique in which an arrestee is restrained in a prone position.

30.

While Plaintiff remained penned and restrained upon the ground without resisting the malicious and unnecessary excessive force of these Defendant Officers, Plaintiff began to hear several officers begin yelling "stop resisting".

31.

At all times relevant, as Plaintiff being maliciously and violently assaulted, Plaintiff expressed to the officers that he was having difficulty breathing and feeling ill.

32.

While being penned to the ground, Plaintiff was then handcuffed with zip ties by the Defendant Officers and seated on the curb by a nearby fence.

33.

At all times relevant, Plaintiff was never read or presented with his Miranda Rights.

34.

While sitting handcuffed on the ground near the fence, Plaintiff was approached by a young African American APD Officer, Officer Martin, Badge Number 5486. Upon Officer Martin's arrival, Plaintiff asked Officer Martin the reason for his arrest and advised that the zip ties were extremely tight and causing significant pain and numbness to his hands and fingers.

35.

Officer Martin then loosened Plaintiff's handcuffs wherein Officer Martin noticed that Plaintiff was an elderly gentleman. Upon noticing that Plaintiff was an unarmed elderly man, Officer Martin in shock told Plaintiff, "I didn't realize you were an older gentleman."

36.

Shortly thereafter, another African American John Doe APD Officer observed Officer Martin loosening Plaintiff's handcuffs and immediately re-tightened the handcuffs.

37.

Officer Martin noticed the Plaintiff was terrified and soon realized that extreme force was being used against a non-threatening senior and escorted the Plaintiff to a nearby police transport bus. However, upon observing the severity of the Plaintiff's injuries, an unidentified Jane Doe APD transporting Officer refused to admit the injured Plaintiff onto the bus.

38.

The Jane Doe APD Officer then instructed Officer Martin to take the injured Plaintiff to a nearby emergency room for immediate medical treatment.

39.

Officer Martin then summoned the paramedics to transport the injured Plaintiff to Grady Hospital for medical emergency treatment.

40.

Prior to being transported to Grady Hospital, Officer Martin removed Plaintiff's handcuffs and advised the paramedics that the Plaintiff was no longer under arrest and was transported to the Grady Hospital where he was treated for back, head, neck, shoulder and facial injuries caused by the unprovoked and violent attack by the Defendant Atlanta Police Officers.

41.

Upon arrival at Grady Hospital, Plaintiff was treated by Doctor Gipson for multiple contusions to his face, head, neck and left shoulder.

42.

Upon discharge, Plaintiff continued to experience severe neck, lower back, and shoulder pain; and thus, requiring continual treatment, testing, and therapy upon his return home to Nevada.

43.

Since this brutal, malicious, and traumatic attack, Plaintiff has continued to experience increased stress, which has caused deliberating pain through his body as well as more consistent flare-ups in his Multiple Sclerosis.

44.

Following this brutal, maliciously, and unprovoked attack, Plaintiff was restricted to a wheelchair for two (2) months and was unable to perform his activities of daily living or his daily physical workout routines necessary for him to be ambulatory.

45.

Since this brutal, malicious, and traumatic attack, Plaintiff has been seen and treated by neurologist, psychologist for night terrors, and has undergone an MRI which revealed that Plaintiff suffered a severe vertebrae injury and cartilage scaring.

46.

Plaintiff has been emotionally and mentally traumatized by this incident and continues to suffer from nightmares which requires continual psychological and neurological treatment.

47.

Prior to this incident, Plaintiff a world renowned and international entertainer and singer had various musical engagements and opportunities which now he has had to cancel due to physical impairments caused by the brutal and malicious attack of the Defendant Officers 1-5.

48.

Prior to this incident, Plaintiff enjoyed working out, spending time with his family, and performing the arts. Plaintiff prides himself in being physically fit and typically was able to complete 100 diamond pushups a day. It was his normal practice and routine for the past several years. However, since this incident, Plaintiff is no longer active and thus unable to maintain any workout routine due to the physical impairment caused by the Defendants acts.

49.

On March 10, 2021, Plaintiff received notice of a hearing date and subsequent citation for the offense of "Pedestrian Walking in Roadway" O.C.G.A §40-6-96 on May 30, 2020, which shows the Defendant Police Officers had no justification for their willful actions.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## FOUTH AMENDEMENT VIOLATIONS
*Plaintiff v. Officer Martin, John Doe APD Officers 1-5*
*Individually and in Their Official Capacities*

50.

Plaintiff incorporates by reference the allegations in paragraphs 1-49 as if fully set forth herein at length.

51.

The conduct by the officers identified in this count and described herein constituted excessive and deadly force in violation of the Fourth Amendment of the United States Constitution, and clearly established law.

52.

At all material times, Defendants Martin and APD John Doe Officers 1-5 (hereinafter collectively referred to as "Defendant Officers") were each acting under color of state law, as agents of the Atlanta Police Department, and within the scope of their employment and authority as duly certified law enforcement officers of the City of Atlanta.

53.

Defendant Officers had no reason to believe that Plaintiff was armed, violent, or potentially dangerous.

54.

At all material times, Defendant Officers did not have a reasonable fear of imminent bodily harm when they repeatedly slammed Plaintiff to the ground and kneeled on Plaintiffs body, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger.

55.

Every reasonable officer would have known that by using maximal forceful restraints against a compliant, handcuffed elderly gentleman who is not resisting arrest constitutes excessive force in violation of the Fourth Amendment.

56.

It was a violation of Plaintiff's Fourth and Fourteenth Amendment rights for Defendant Officers not to immediately render medical aid following Plaintiff's complaints of having difficulty breathing, feeling ill and bleeding from injuries demonstrated a serious medical need.

57.

As a result of Defendant Officers' unjustified, excessive, and illegal, use of force, Plaintiff experienced conscious pain and suffering and still is experiencing a significant amount of pain and suffering from this subject incident.

58.

In addition to these uses of unjustified, excessive, and illegal uses of force, each of the Defendant Officers had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

59.

Defendant Officers each observed and were in a position to intervene in the use of unnecessary and unconstitutionally excessive force against the Plaintiff.

60.

None of the Defendant Officers ever had a reasonable fear of imminent bodily harm, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff at any point in time.

61.

Defendant Officers use of excessive force and failure to intervene in the use of constitutionally unreasonable excessive force violated Plaintiff's clearly established Fourth Amendment rights.

62.

As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an

amount to be determined by jury.

63.

Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988. The conduct described in all of the preceding paragraphs amounts to wrongful acts and omissions under Georgia Law.

64.

As a direct and proximate result of these wrongful acts and omissions, Plaintiff has suffered pecuniary loss, including medical and psychological expenses, loss of aid, counsel, and support in an amount to be determined by jury.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983
## RACIAL PROFILING
*Plaintiff v. Officer Martin, John Doe APD Officers 1-5, Individually and in Their Official Capacities*

65.

Plaintiff incorporates by reference the allegations in paragraphs 1-64 as if fully set forth herein at length.

66.

At all times relevant to this action, the Plaintiff was within the boundaries of the City of Atlanta, in the County of Fulton, and State of Georgia.

67.

At all times relevant, Plaintiff was an African American Male and a member of a protected class.

68.

At all times relevant to this action, the Plaintiff did not consent to any search and seizure, arrest, false imprisonment, kidnapping or any and all subsequent state actions or police actions illegally taken against him.

69.

At all times relevant to this action Defendant Martin and John Doe Officers 1-5 were duly sworn police officers employed by the Atlanta Police Department and City of Atlanta.

70.

Plaintiff, at all times relevant to this action, was not guilty of committing any traffic law Violation under the Motor Vehicle Code of the State of Georgia nor was he guilty of committing any illegal act while peacefully observing the Black Lives Matter and George Floyd Protest.

71.

The Four (4) Caucasian Defendant Officers, upon observing Plaintiff, an African American male, wearing a face mask, baseball cap, sweater, and black pants, did intentionally, willfully, and with deliberate indifference to the harm wrongfully accosted Plaintiff and excessively assaulted Plaintiff by repeatedly picking him up and slamming him to the ground and subsequently pinning him to the ground between their knees.

72.

At all times relevant, the APD John Doe Officers acts were illegally based on nothing more than Plaintiff's race, ethnicity, and sex -- because the Plaintiff had committed no crime that warranted the subsequent excessive force, false imprisonment, false arrest, or the indignities wrought upon him.

73.

Defendant Martin and John Doe Officers 1-5 conduct, deprived Plaintiff of the following

rights, privileges, and immunities secured to Plaintiff by the Constitution 0f the United States of

America:

a. The right of Plaintiff to be informed of the nature and cause of the accusation against Plaintiff

secured to Plaintiff under the Sixth and 14th Amendments to the Constitution of the United

States (U.S. Const. Amends. VI, XIV) and applicable comparable Amendments to the

Constitution of the State of Georgia.

b. The right of Plaintiff to not be deprived of life, liberty, or property without due process of law,

and the right to equal protection of the laws, secured by the 14th Amendment to the Constitution

of the United States (U.S. Const. Amend. XIV) and applicable comparable Amendments to the

Constitution of the State of Georgia.

74.

The acts, conduct, and behavior of Defendants, and each of them, were performed

knowingly, intentionally, and maliciously to deprive the Plaintiff of his rights granted under the

Constitution of the United States and the Constitution and Statutes of the State of Georgia in

Violation of clearly established law and were the sole and proximate cause(s) of the Plaintiff's

damages and injuries.

**COUNT III**
**VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED**
**STATES CONSTITUTION AND 42 U.S.C. § 1983**
*Plaintiff v. Officer Martin, John Doe APD Officers 1-5, Individually and in Their Official*
*Capacities*

75.

Plaintiff incorporates by reference the allegations in paragraphs 1- 74 as if fully set forth herein at length.

76.

Defendant Officers 1-5 acting under the color of state law, violated the Plaintiff's rights under the Fourteenth Amendment to the Unites States Constitution by using malicious, sadistic, and otherwise inhumane force against Plaintiff. *Hudson v. McMillan,* 503 U.S. 1, 7 (1992). The force used by Defendant Officers, while Plaintiff was unarmed, non-resistant and restrained, was excessive and beyond any force reasonably necessary to maintain order.

77.

Defendant Officers acted with deliberate and malicious purse intending to bodily harm the Plaintiff. The force used by Defendant Officers was more than de minimis force.

78.

Defendant Officers' sadistic conduct directly and proximately caused Plaintiff to suffer significant physical, emotional, and mental injuries in an amount which shall be proven at trial.

79.

Defendant Officers conduct was clear evidence of their willful and total disregard for Plaintiff's constitutional right to be free from cruel and unusual punishment, especially for an alleged violation of the Pedestrian walking in Roadway offense O.C.G.A §40-6-96.

80.

Plaintiff is entitled to all permissible damages, including punitive damages. Punitive Damages are essential to deter future Eighth Amendment excessive force violations within the

Atlanta Police Department.

## COUNT IV
## SUPERVISORY LIABILITY
*Plaintiff v. Atlanta Police Department, and Defendant Shields*

81.

Plaintiff incorporates by reference the allegations in paragraphs 1- 80 as if fully set forth herein at length.

82.

Supervisory liability under 42 U.S.C. § 1983 occurs when the supervisor personally participates in the alleged constitutional violation or when there is a casual connection between the actions of the supervising official and the alleged constitutional deprivation. *Mattews (1269-70)*. The acts and omissions of all Defendants named in this Count proximately caused the deprivation of Plaintiff's clearly established constitutional right to be free from cruel and unusual punishment in the form of, *inter alia*, being brutally beaten while non-resisting for an alleged violation of the Pedestrian walking in Roadway offense O.C.G.A §40-6-96.

83.

At all times relevant, the Defendant Officers were employed by Defendant Atlanta Police Department and under the supervision of Defendant Shields.

84.

At all times relevant, Defendant Officers were employed by Defendant Atlanta Police Department and Defendant Shields had the requisite supervisory authority to stop the racially motivated profiling and excessive force exuded by Defendant Officers in the wake of the Black

19

Lives Matter – George Floyd murder. At all times relevant the aforementioned Defendants had the requisite supervisory authority to take action against those who unconstitutionally attacked the Plaintiff and failed to do so.

85.

The aforementioned-Defendants proximately caused Plaintiff severe physical and emotional injuries by encouraging and ratifying Defendants Officers unconstitutional conduct in brutally and maliciously beating individuals for allegedly violating Georgia's Pedestrian Walking in the Roadway offense. By permitting and encouraging this conduct thus actions created a causal connection between the aforementioned-Defendants' conduct and Plaintiffs serious injuries.

## **COUNT V**
### **42 U.S.C. 1983 – *Monell Liability***
*Plaintiff v. City of Atlanta, Defendant Lance Bottoms, and Defendant Shields*

86.

Plaintiff incorporates by reference the allegations in paragraphs 1- 85 as if fully set forth herein at length.

87.

Defendant Lance Bottoms (hereinafter "The Mayor") and Defendant City of Atlanta was aware of the unconstitutional use of excessive force tactics being utilized within the Atlanta Police Department (hereinafter "APD") and subsequently, after the brutal attack and assault of Plaintiff, made changes subsequent to the known unconstitutional tactics of excessive force policing which can be found in Administrative Order 2020-18 and Administrative Order 2020-19 established on June 16, 2020.

88.

The Mayor, the City of Atlanta, and the Police Chief, Defendant Shields had final policymaking authority with regard to establishing written policies and training programs governing the conduct of APD officers performing policing functions on behalf of the City.

89.

The Mayor, the City of Atlanta, and the Police Chief established and/or approved of APD's written policies and training governing the conduct of APD officers performing policing functions.

90.

The written policies and training established and/or approved by The Mayor, the City of Atlanta, and the Police Chief constitute the official policy of the City and were the moving force behind and caused Plaintiff's injuries.

91.

The City of Atlanta, acting by and through its Mayor, and/or other policymakers, had knowledge of APD's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

92.

The City of Atlanta, acting by and through its Mayor, and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from APD's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

21

93.

On or prior to May 30, 2020, the City of Atlanta and the Mayor, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the detaining, handcuffing, restraint process and force tactics.

94.

On or prior to May 30, 2020, the City of Atlanta and the Mayor, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to and not intervene with the use of excessive force by APD officers.

95.

On or prior to May 30, 2020, the City of Atlanta and the Mayor, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, fostered or ratified a number of customs, patterns, or practices that condoned and required officers to treat the members of the Black Community of Atlanta differently, including but not limited to implementing deadly force at a higher rate against Black men who did not pose a threat to officers.

96.

On or prior to May 30, 2020, the City of Atlanta and the Mayor, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

97.

The City of Atlanta, with deliberate indifference to the rights of arrestees, detainees, and the like, continued to employee Defendant Officers despite knowledge of their repeated unconstitutional, unlawful, or other improper conduct.

98.

The City of Atlanta and Defendant Shields, had to the power to terminate or appropriately discipline Defendant Officers for their misconduct prior to May 30, 2020, but failed to do so despite the City's knowledge of a pattern of complaints regarding excessive force.

99.

By refusing to terminate Defendant Officers, the City of Atlanta caused Defendant Officers to act with impunity and without fear of retribution.

100.

The City of Atlanta, Defendant Shields failure to terminate or properly discipline Defendant Officers is part of its larger custom, police, or practice of failing to supervise, terminate, or properly discipline its officers for unconstitutional, unlawful, or otherwise improper conduct, and thereby encouraged Defendant Officers to continue engaging in unlawful acts towards arrestees, including Plaintiff and the community at large.

101.

On or prior to May 30, 2020, the City of Atlanta, the Mayor and Chief of Police, Defendant Shields, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified its agents, Defendant Officers, providing improper and harmful training to officers.

23

102.

On or prior to May 30, 2020, The City of Atlanta and the Mayor, with deliberate indifference to the rights of arrestees, detainees, and the like, participated in contract negotiations with the Police Officers that granted officers powers that allowed them to avoid discipline for misconduct, including but not limited to:

a. A grievance process that resulted in a nearly 50% rate of overturns of terminations of officers.

b. The ability to review evidence and video footage prior to giving statements in use of force and misconduct matters.

103.

This participation by the City of Atlanta and the Mayor caused officers to act with impunity and without fear of retribution.

104.

The unconstitutional policies, practices, and customs defined herein were the moving force behind Plaintiff's brutal and malicious assault.

105.

Plaintiff's assault was a direct and proximate result of the acts and omissions by The City of Atlanta and the Mayor.

106.

As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

107.

Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

108.

As a direct and proximate result of these wrongful acts and omissions, Plaintiff has suffered pecuniary loss, including medical and psychological expenses, loss of aid, counsel, and support in an amount to be determined by jury.

## COUNT VI
### BATTERY
*Plaintiff v. Officer Martin, John Doe APD Officers 1-5, Individually and in Their Official Capacities*

109.

Plaintiff incorporates by reference the allegations in paragraphs 1- 108 as if fully set forth herein at length.

110.

The actions of Defendant Officers in dropping Plaintiff on his head and shoulder multiple times and pinning Plaintiff to the ground with their knees constitutes the intentional tort of battery. Defendant Officers are liable in their individual capacities for the torts they committed in an unauthorized and unconsented manner.

111.

Defendant Officers acts were the sole and proximate cause of Plaintiffs injuries and as a result Plaintiff is entitled to damages.

## COUNT VII

25

**ASSUALT**

*Plaintiff v. Officer Martin, John Doe APD Officers 1-5, Individually and in Their Official Capacities*

112.

Plaintiff incorporates by reference the allegations in paragraphs 1-111 as if fully set forth herein at length.

113.

The actions of Officers Martin and John Doe Officers in slamming Plaintiff on his head, face and shoulder multiple times and pinning Plaintiff to the ground with their knees constitutes the tort of assault.

114.

The actions of Officers Martin and John Doe Officers actions placed Plaintiff in fear and reasonable apprehension of imminent bodily harm.

115.

As a result, Officer Martin and John Doe Officers acts were the direct and proximate cause of Plaintiff's injuries and therefore they all are liable in their individual capacities for the torts they commit.

## <u>COUNT VIII</u>
### NEGLIGENT USE OF FORCE BY POLICE OFFICER
*Plaintiff v. Officer Martin, John Doe APD Officers 1-5, Individually and in Their Official Capacities*

116.

Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-115 as if

26

fully set forth herein at length.

117.

As police officers, Officer Martin and John Doe Officers, are charged with enforcing the law on a twenty-four (24) hour a day basis.

118.

At the time John Does Officers assaulted Plaintiff, they were acting in their capacity as a police officer and had a responsibility for legally and ethically enforcing the law.

119.

Officers Martin and John Doe Officers negligently discharged their duties as police officers by assaulting Plaintiff without cause and without any provocation and simply out of uncontrolled anger. The result of their negligence is the damages the Plaintiff complains of herein.

120.

Officers Martin, John Does Officers and the City of Atlanta, as their employer, are responsible for their actions in negligently assaulting Plaintiff in their capacities as police officers.

**COUNT IX**
**NEGLIGENT HIRING AND RETENTION**
*Plaintiff v. Defendant City of Atlanta, Atlanta Police Department and Defendant Shields*

121.

Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-120 as if fully set forth herein at length.

27

122.

Defendant Shields, the City of Atlanta and Atlanta Police Department, had a duty to use at least ordinary care in the employment of police officers and security personnel.

123.

Defendant Shields, the City of Atlanta and Atlanta Police Department breached their duty of care in the selection and retention of Officer Martin and John Doe Officers to provide security and policing services at the Black Lives Matter protest employed on May 30, 2020, for the following reasons:

a. John Does Officers were not adequately trained or otherwise qualified to provide security and policing services;

b. Defendants knew or should have known that Officer Martin and John Doe Officers were not trained or otherwise qualified to provide security or policing services at a public function and magnitude of that which occurred on May 30, 2020.

124.

The results of all Defendants negligence are the damages the Plaintiff complains of herein.

## COUNT X
### DAMAGES
125.

Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-124 as if fully set forth herein at length.

126.

As a result of the Defendants' intentional and negligent acts which failed to prevent or deter the reasonably foreseeable attack on Plaintiff, Plaintiff has suffered severe and permanent

bodily injury and the resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and medical care and treatment.

127.

In addition, Plaintiff has suffered the loss of earnings as a direct and proximate cause of Defendants actions.

128.

Plaintiff shows the conduct of the Defendants was such as to evidence an entire want of care and indifference to the consequences of their conduct so as to entitle him to punitive or exemplary damages.

129.

Despite a demand for payment, Defendants have failed and refused to compensate plaintiff for his damages. Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expenses thereby entitling Plaintiff to the expenses of litigation, including reasonable attorney's fees, for which Plaintiff sues.

**WHEREFORE**, Plaintiff prays as follows:

a.     That process and service be issued as provided by law;

b.     That plaintiff be awarded judgment in amount to compensate him for the damages he has suffered and will suffer into the future, all as will be shown at trial;

c.     That Plaintiff be awarded judgment in an amount sufficient to punish and deter the Defendants from their wrongful acts;

d.     That Plaintiff be awarded costs of this litigation, including but not limited to, reasonable attorney's fees;

e.    That Plaintiff have a trial by jury, and

f.    That Plaintiff have such other and further relief as his Court shall deem necessary

and proper.


This 27ᵗʰ day of May 2022.


                                    THE WATERS FIRM, P.C.


                                    /s/ Zenobia Waters
                                    Zenobia Waters
                                    Georgia Bar No. 023178
                                    *Attorney for Plaintiff*

3340 Peachtree Road, NE, Suite 1800
Atlanta, Georgia 30326
Office Tel: (404) 848-7722
Fax: (404) 393-3423
zenobia@thewatersfirmpc.com

# EXHIBIT A

# THE WATERS FIRM, P.C.

### ATTORNEYS AND COUNSELORS AT LAW
3340 Peachtree Road NE
Suite 1878
Atlanta, Georgia 30326

Telephone: (404) 254-2792
Facsimile: (404) 393-3423

Direct: (404) 512-1352
zenobia@thewatersfirmpc.com

November 23, 2020

**Via US Postal Overnight Mail and
US First Class Certified Return Receipt**

Office of The Mayor
Honorable Keisha Lance Bottoms
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Police Department
Chief Rodney Bryant
226 Peachtree Street, SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council President
Madam Felicia A. Moore
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council District 4
Ms. Cleta Wilson
55 Trinity Avenue SW
Atlanta, Georgia 30303

Re:    **Ante Litem Notice**
    **Injured Party:**          **Andre Gibson**
    **Date of Injury:**          **May 30, 2020**
    **Date Injury Discovered:**  **May 30, 2020**
    **Location:**                **Fulton County – City of Atlanta;  Intersection of
                                  the CNN Center and Centennial Park**

Greetings Mayor Bottoms:

Please be advised that this firm has been retained by Andre Gibson to represent him in his personal injury claims against the City of Atlanta and the Atlanta Police Department (APD) arising from the excessive force used upon Andre Gibson by City of Atlanta police officers.  This incident occurred on the afternoon of May 30, 2020 while Mr. Gibson was walking to the Five Points Marta station, after eating at McCormick's and Schmidt, and then observing local protests for approximately one (1) hour near the CNN Center.

As Mr. Gibson walked back to the Five Points Marta station, he was accosted by two APD Police officers at the intersection of the CNN center and Centennial Park. The officers picked Mr. Gibson up and threw him on ground. Soon after, two additional officers approached Mr. Gibson and the first set of officers and picked him up again and threw him down again, causing Mr. Gibson to land on his neck and left shoulder. The officers began to yell "stop resisting" while pinning Mr. Gibson on the ground with their body weight. Mr. Gibson was fully compliant and was not resisting arrest. The officers then handcuffed him and sat him on the curb by a fence. While sitting on the ground, Mr. Gibson began to speak with an officer named Officer Martin, Badge Number 5486, and asked why he was being arrested and if he could loosen his cuffs. Officer Martin never advised the reasoning for Mr. Gibson's arrest but did loosen Mr. Gibson's cuffs. Officer Martin also made a comment to Mr. Gibson that he did not realize Mr. Gibson was an older man. Another officer then came back and re-tightened Mr. Gibson's cuffs. Shortly thereafter, Officer Martin escorted Mr. Gibson to the police transport bus, however, the female officer working on the bus, refused Mr. Gibson's admission due to his injuries. The female officer advised Officer Martin to take Mr. Gibson to Grady Hospital. When the paramedics arrived, Mr. Gibson was given an ice pack for his neck and shoulder. Once, placed in the ambulance, Officer Martin informed the paramedics that Mr. Gibson was no longer under arrest and proceeded to remove the handcuffs.

That same day, Mr. Gibson was seen and treated at Grady Memorial Hospital for the injuries he sustained as a direct consequence to the excessive for used by City of Atlanta police officers. Weeks after the incident, Mr. Gibson continued to receive medical care and therapy for his ongoing injuries, pain and mental anguish. Since this occurrence, Mr. Gibson has experienced and continues to experience severe neck, lower back and shoulder pain.

The City of Atlanta and the City of Atlanta Police Department hired and retained the officers involved in the incident on May 30, 2020 and are therefore liable for the negligence of their police officers. At all times relevant, the police officers involved had a duty to maintain the highest of ethical standards and lawfully carry out their responsibilities as police officers while ensuring the safety of others. It is undeniable that the officer's involved in this incident failed to do so. The purpose of this letter is to comply with any ante litem notice requirements proscribed by O.C.G.A. §36-11-1.

As counsel for Mr. Andre Gibson, I am presenting his claim for general and special damages, both past and future, including but not limited to medical expenses, pain, suffering, mental anguish and any other damages allowed under Georgia law. Although our investigation is still ongoing, we believe this incident is compensable and demand no less than Five Hundred Thousand Dollars on behalf of Mr. Gibson for the injuries he sustained.

With warmest regards, I am

Sincerely,

THE WATERS FIRM, P.C.

Zenobia Waters, Esquire

# THE WATERS FIRM, P.C.
ATTORNEYS AND COUNSELORS AT LAW
3340 Peachtree Road NE
Suite 1878
Atlanta, Georgia 30326

Telephone: (404) 254-2792
Facsimile: (404) 393-3423

Direct: (404) 512-1352
zenobia@thewatersfirmpc.com

November 23, 2020

**Via US Postal Overnight Mail and
US First Class Certified Return Receipt**

Office of The Mayor
Honorable Keisha Lance Bottoms
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Police Department
Chief Rodney Bryant
226 Peachtree Street, SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council President
Madam Felicia A. Moore
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council District 4
Ms. Cleta Wilson
55 Trinity Avenue SW
Atlanta, Georgia 30303

Re:  **Ante Litem Notice**
     **Injured Party:**           **Andre Gibson**
     **Date of Injury:**          **May 30, 2020**
     **Date Injury Discovered:**  **May 30, 2020**
     **Location:**                **Fulton County – City of Atlanta;  Intersection of
                                  the CNN Center and Centennial Park**

Greetings Chief Bryant:

Please be advised that this firm has been retained by Andre Gibson to represent him in his personal injury claims against the City of Atlanta and the Atlanta Police Department (APD) arising from the excessive force used upon Andre Gibson by City of Atlanta police officers.  This incident occurred on the afternoon of May 30, 2020 while Mr. Gibson was walking to the Five Points Marta station, after eating at McCormick's and Schmidt, and then observing local protests for approximately one (1) hour near the CNN Center.

As Mr. Gibson walked back to the Five Points Marta station, he was accosted by two APD Police officers at the intersection of the CNN center and Centennial Park. The officers picked Mr. Gibson up and threw him on ground. Soon after, two additional officers approached Mr. Gibson and the first set of officers and picked him up again and threw him down again, causing Mr. Gibson to land on his neck and left shoulder. The officers began to yell "stop resisting" while pinning Mr. Gibson on the ground with their body weight. Mr. Gibson was fully compliant and was not resisting arrest. The officers then handcuffed him and sat him on the curb by a fence. While sitting on the ground, Mr. Gibson began to speak with an officer named Officer Martin, Badge Number 5486, and asked why he was being arrested and if he could loosen his cuffs. Officer Martin never advised the reasoning for Mr. Gibson's arrest but did loosen Mr. Gibson's cuffs. Officer Martin also made a comment to Mr. Gibson that he did not realize Mr. Gibson was an older man. Another officer then came back and re-tightened Mr. Gibson's cuffs. Shortly thereafter, Officer Martin escorted Mr. Gibson to the police transport bus, however, the female officer working on the bus, refused Mr. Gibson's admission due to his injuries. The female officer advised Officer Martin to take Mr. Gibson to Grady Hospital. When the paramedics arrived, Mr. Gibson was given an ice pack for his neck and shoulder. Once, placed in the ambulance, Officer Martin informed the paramedics that Mr. Gibson was no longer under arrest and proceeded to remove the handcuffs.

That same day, Mr. Gibson was seen and treated at Grady Memorial Hospital for the injuries he sustained as a direct consequence to the excessive for used by City of Atlanta police officers. Weeks after the incident, Mr. Gibson continued to receive medical care and therapy for his ongoing injuries, pain and mental anguish. Since this occurrence, Mr. Gibson has experienced and continues to experience severe neck, lower back and shoulder pain.

The City of Atlanta and the City of Atlanta Police Department hired and retained the officers involved in the incident on May 30, 2020 and are therefore liable for the negligence of their police officers. At all times relevant, the police officers involved had a duty to maintain the highest of ethical standards and lawfully carry out their responsibilities as police officers while ensuring the safety of others. It is undeniable that the officer's involved in this incident failed to do so. The purpose of this letter is to comply with any ante litem notice requirements proscribed by O.C.G.A. §36-11-1.

As counsel for Mr. Andre Gibson, I am presenting his claim for general and special damages, both past and future, including but not limited to medical expenses, pain, suffering, mental anguish and any other damages allowed under Georgia law. Although our investigation is still ongoing, we believe this incident is compensable and demand no less than Five Hundred Thousand Dollars on behalf of Mr. Gibson for the injuries he sustained.

With warmest regards, I am

Sincerely,

THE WATERS FIRM, P.C.

Zenobia Waters, Esquire

# THE WATERS FIRM, P.C.
## ATTORNEYS AND COUNSELORS AT LAW
3340 Peachtree Road NE
Suite 1878
Atlanta, Georgia 30326

Telephone: (404) 254-2792
Facsimile: (404) 393-3423

Direct: (404) 512-1352
zenobia@thewatersfirmpc.com

November 23, 2020

__Via US Postal Overnight Mail and
US First Class Certified Return Receipt__

Office of The Mayor
Honorable Keisha Lance Bottoms
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Police Department
Chief Rodney Bryant
226 Peachtree Street, SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council President
Madam Felicia A. Moore
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council District 4
Ms. Cleta Wilson
55 Trinity Avenue SW
Atlanta, Georgia 30303

Re:     **Ante Litem Notice**
        **Injured Party:**          **Andre Gibson**
        **Date of Injury:**         **May 30, 2020**
        **Date Injury Discovered:** **May 30, 2020**
        **Location:**               **Fulton County – City of Atlanta;  Intersection of
                                    the CNN Center and Centennial Park**

Greetings Councilwoman Wilson:

Please be advised that this firm has been retained by Andre Gibson to represent him in his personal injury claims against the City of Atlanta and the Atlanta Police Department (APD) arising from the excessive force used upon Andre Gibson by City of Atlanta police officers. This incident occurred on the afternoon of May 30, 2020 while Mr. Gibson was walking to the Five Points Marta station, after eating at McCormick's and Schmidt, and then observing local protests for approximately one (1) hour near the CNN Center.

As Mr. Gibson walked back to the Five Points Marta station, he was accosted by two APD Police officers at the intersection of the CNN center and Centennial Park. The officers picked Mr. Gibson up and threw him on ground. Soon after, two additional officers approached Mr. Gibson and the first set of officers and picked him up again and threw him down again, causing Mr. Gibson to land on his neck and left shoulder. The officers began to yell "stop resisting" while pinning Mr. Gibson on the ground with their body weight. Mr. Gibson was fully compliant and was not resisting arrest. The officers then handcuffed him and sat him on the curb by a fence. While sitting on the ground, Mr. Gibson began to speak with an officer named Officer Martin, Badge Number 5486, and asked why he was being arrested and if he could loosen his cuffs. Officer Martin never advised the reasoning for Mr. Gibson's arrest but did loosen Mr. Gibson's cuffs. Officer Martin also made a comment to Mr. Gibson that he did not realize Mr. Gibson was an older man. Another officer then came back and re-tightened Mr. Gibson's cuffs. Shortly thereafter, Officer Martin escorted Mr. Gibson to the police transport bus, however, the female officer working on the bus, refused Mr. Gibson's admission due to his injuries. The female officer advised Officer Martin to take Mr. Gibson to Grady Hospital. When the paramedics arrived, Mr. Gibson was given an ice pack for his neck and shoulder. Once, placed in the ambulance, Officer Martin informed the paramedics that Mr. Gibson was no longer under arrest and proceeded to remove the handcuffs.

That same day, Mr. Gibson was seen and treated at Grady Memorial Hospital for the injuries he sustained as a direct consequence to the excessive for used by City of Atlanta police officers. Weeks after the incident, Mr. Gibson continued to receive medical care and therapy for his ongoing injuries, pain and mental anguish. Since this occurrence, Mr. Gibson has experienced and continues to experience severe neck, lower back and shoulder pain.

The City of Atlanta and the City of Atlanta Police Department hired and retained the officers involved in the incident on May 30, 2020 and are therefore liable for the negligence of their police officers. At all times relevant, the police officers involved had a duty to maintain the highest of ethical standards and lawfully carry out their responsibilities as police officers while ensuring the safety of others. It is undeniable that the officer's involved in this incident failed to do so. The purpose of this letter is to comply with any ante litem notice requirements proscribed by O.C.G.A. §36-11-1.

As counsel for Mr. Andre Gibson, I am presenting his claim for general and special damages, both past and future, including but not limited to medical expenses, pain, suffering, mental anguish and any other damages allowed under Georgia law. Although our investigation is still ongoing, we believe this incident is compensable and demand no less than Five Hundred Thousand Dollars on behalf of Mr. Gibson for the injuries he sustained.

With warmest regards, I am

Sincerely,

THE WATERS FIRM, P.C.

Zenobia Waters, Esquire

# THE WATERS FIRM, P.C.
### ATTORNEYS AND COUNSELORS AT LAW
**3340 Peachtree Road NE**
**Suite 1878**
**Atlanta, Georgia 30326**

Telephone: (404) 254-2792
Facsimile: (404) 393-3423

Direct: (404) 512-1352
zenobia@thewatersfirmpc.com

November 23, 2020

**Via US Postal Overnight Mail and**
**US First Class Certified Return Receipt**

Office of The Mayor
Honorable Keisha Lance Bottoms
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Police Department
Chief Rodney Bryant
226 Peachtree Street, SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council President
Madam Felicia A. Moore
55 Trinity Avenue SW
Atlanta, Georgia 30303

Atlanta City Hall
Atlanta City Council District 4
Ms. Cleta Wilson
55 Trinity Avenue SW
Atlanta, Georgia 30303

Re:    **Ante Litem Notice**
**Injured Party:**        **Andre Gibson**
**Date of Injury:**        **May 30, 2020**
**Date Injury Discovered:**   **May 30, 2020**
**Location:**            **Fulton County – City of Atlanta;  Intersection of the CNN Center and Centennial Park**

Greetings Madam President Moore:

Please be advised that this firm has been retained by Andre Gibson to represent him in his personal injury claims against the City of Atlanta and the Atlanta Police Department (APD) arising from the excessive force used upon Andre Gibson by City of Atlanta police officers. This incident occurred on the afternoon of May 30, 2020 while Mr. Gibson was walking to the Five Points Marta station, after eating at McCormick's and Schmidt, and then observing local protests for approximately one (1) hour near the CNN Center.

As Mr. Gibson walked back to the Five Points Marta station, he was accosted by two APD Police officers at the intersection of the CNN center and Centennial Park. The officers picked Mr. Gibson up and threw him on ground. Soon after, two additional officers approached Mr. Gibson and the first set of officers and picked him up again and threw him down again, causing Mr. Gibson to land on his neck and left shoulder. The officers began to yell "stop resisting" while pinning Mr. Gibson on the ground with their body weight. Mr. Gibson was fully compliant and was not resisting arrest. The officers then handcuffed him and sat him on the curb by a fence. While sitting on the ground, Mr. Gibson began to speak with an officer named Officer Martin, Badge Number 5486, and asked why he was being arrested and if he could loosen his cuffs. Officer Martin never advised the reasoning for Mr. Gibson's arrest but did loosen Mr. Gibson's cuffs. Officer Martin also made a comment to Mr. Gibson that he did not realize Mr. Gibson was an older man. Another officer then came back and re-tightened Mr. Gibson's cuffs. Shortly thereafter, Officer Martin escorted Mr. Gibson to the police transport bus, however, the female officer working on the bus, refused Mr. Gibson's admission due to his injuries. The female officer advised Officer Martin to take Mr. Gibson to Grady Hospital. When the paramedics arrived, Mr. Gibson was given an ice pack for his neck and shoulder. Once, placed in the ambulance, Officer Martin informed the paramedics that Mr. Gibson was no longer under arrest and proceeded to remove the handcuffs.

That same day, Mr. Gibson was seen and treated at Grady Memorial Hospital for the injuries he sustained as a direct consequence to the excessive for used by City of Atlanta police officers. Weeks after the incident, Mr. Gibson continued to receive medical care and therapy for his ongoing injuries, pain and mental anguish. Since this occurrence, Mr. Gibson has experienced and continues to experience severe neck, lower back and shoulder pain.

The City of Atlanta and the City of Atlanta Police Department hired and retained the officers involved in the incident on May 30, 2020 and are therefore liable for the negligence of their police officers. At all times relevant, the police officers involved had a duty to maintain the highest of ethical standards and lawfully carry out their responsibilities as police officers while ensuring the safety of others. It is undeniable that the officer's involved in this incident failed to do so. The purpose of this letter is to comply with any ante litem notice requirements proscribed by O.C.G.A. §36-11-1.

As counsel for Mr. Andre Gibson, I am presenting his claim for general and special damages, both past and future, including but not limited to medical expenses, pain, suffering, mental anguish and any other damages allowed under Georgia law. Although our investigation is still ongoing, we believe this incident is compensable and demand no less than Five Hundred Thousand Dollars on behalf of Mr. Gibson for the injuries he sustained.

With warmest regards, I am

Sincerely,

THE WATERS FIRM, P.C.

Zenobia Waters, Esquire

**\*\*E-FILED\*\***
22EV003074
5/27/2022 1:32 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ■ State Court of __FULTON__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

GIBSON        ANDRE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

CITY        OF ATLANTA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| LANCE -BOTTOMS | KEISHA | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ATLANTA | POLICE | DEPARTMENT | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| SHIELDS | ERIKA | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ZENOBIA WATERS        **State Bar Number** 023178        Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**STATE COURT OF FULTON COUNTY**
Civil Division

**E-FILED**
22EV00307
6/2/2022 3:37 PM
Christopher G. Scott, Clerk
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

ANDRE GIBSON

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

City of Atlanta, Keisha Lance Bottoms

Atlanta Police Department, Erika Shields

Officer    Martin and John   Doe    Officers 1-5

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: **CITY OF ATLANTA  55 Trinity Ave SW #2500, Atlanta, Georgia 30303**
You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: ZENOBIA WATERS, ESQ

Address: 3340 Peachtree Rd, NE Suite 1800

City, State, Zip Code: ATLANTA, GA 30326

Phone No.: 404-848-7722

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**
Served, this _____ day of _____June_____, 20 _22_.    _____Sgt. N Stafford #429_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)