# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANDRE GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF ATLANTA, a Municipal ) | |
| Corporation of the State of Georgia; ) | . |
| KEISHA LANCE BOTTOMS, in her ) | |
| Official capacity as the former Mayor of ) | |
| the City of Atlanta; ATLANTA POLICE ) | |
| DEPARTMENT; ERIKA SHIELDS, ) | CIVIL ACTION |
| in her official capacity as former Chief ) | |
| of the Atlanta Police Department; ) | FILE NO: |
| OFFICER MARTIN individually and in ) | |
| his official capacity as a Police Officer ) | |
| of the City of Atlanta; JOHN DOE ) | |
| OFFICER 1, JOHN DOE OFFICER, ) | |
| JOHN DOE OFFICER 3, JOHN DOE ) | |
| OFFICER 4, JOHN DOE OFFICER 5, ) | |
| each individually and in ) | |
| their official capacity as Police Officers ) | |
| of the City of Atlanta, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **DEFENDANTS' MOTION TO STAY PROCEEDINGS**

COME NOW, Defendants City of Atlanta (the "City"), Mayor Keisha Lance Bottoms ("Mayor Bottoms"), Chief Erika Shields ("Chief Shields"), Atlanta Police Department ("APD"), and by special appearance Officer Martin ("Defendant Martin") (collectively "Defendants" or "City Defendants"), and move to stay proceedings pending disposition of Defendants' Motion to Dismiss, which is currently pending before the Court.

City Defendants have contemporaneously moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and on various other grounds. A ruling in Defendants' favor would resolve the entire case against them; thus, making discovery unnecessary. In order to avoid the potentially unnecessary cost and burden of litigation, City Defendants request that discovery, including all disclosures and planning conferences pursuant to Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Defendants' Motion to Dismiss.

Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery."[1] The purpose of qualified immunity, and any other applicable immunity defense, is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself,

---

[1] *Caraballo-Sandoval v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity).

including discovery.² "[O]ne of the purposes of the Harlow qualified immunity standard it to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'"³ In *Ashcroft v. Iqbal*, reaffirmed this principal holding that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disrupted discovery.'"⁴ Forcing Defendants into the rigors of discovery before this Court can rule on the issue of immunity is wasteful and prejudicial.

Fed. R. Civ. P. 26(d) authorizes District Courts with broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice."⁵ The Court should stay all discovery in the interests of efficiency and justice through its powers under Fed. R. Civ. P. 26 and issue a stay relieving Defendants from having to exert any additional resources pending a ruling on their Motion to Dismiss.⁶

---

² *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).
³ *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817)
⁴ *Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilly*, 500 U.S. 226, 236 (1991)).
⁵ Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion").
⁶ *See Patterson v. United States Postal Serv*., 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss);

City Defendants have moved to dismiss all claims asserted by Plaintiff, and an Order staying the proceedings would relieve City Defendants from the burden of responding to potentially unnecessary discovery should the motion be granted. In the event the Court partially grants Defendants' Motion to Dismiss, the disputed issues in the case will be narrowed, enabling the Court to establish the proper scope of discovery for Plaintiff's remaining claims, if any. The foregoing request benefits all parties to this action.

WHEREFORE, Defendants respectfully request that the Court GRANT this Motion to Stay Proceedings during the pendency of Defendants' Motion to Dismiss and STAY all disclosures, planning conferences, and other discovery in this matter until Defendants' Motion to Dismiss is fully adjudicated.

Respectfully submitted this 8th day of July 2022.

> */s/ Joel A. J. Callins*
> **JOEL A. J. CALLINS**
> **Senior Attorney I**
> Georgia Bar No. 105255
> (404) 546-4151 *Direct*
> jcallins@atlantaga.gov

---

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

## **5.1 CERTIFICATION**

Pursuant to Local Rule 5.1(C) of the United States District Court of the Northern District of Georgia, the undersigned certified that the foregoing submission to the court complies with the typeface and style requirements in that it contains 14-point Times New Roman font.

Respectfully submitted this 8th day of July 2022.

>*/s/ Joel A. J. Callins*
>**JOEL A. J. CALLINS**
>**Senior Attorney I**
>Georgia Bar No. 105255
>(404) 546-4151 *Direct*
>jcallins@atlantaga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 8th, 2022, I electronically filed ***DEFENDANTS' MOTION TO STAY TO PROCEEDINGS*** with the Clerk of Court using the CM/ECF system, and emailed a courtesy copy to Plaintiff's Counsel via the information listed below:

**Zenobia Waters, Esq.**
THE WATERS FIRM, P.C.
3340 Peachtree Road, N.E., Suite 1800
Atlanta, Georgia  30326
zenobia@thewatersfirmpc.com
Tel: (404) 848-7722
Fax: (404) 393-3423

*/s/ Joel A. J. Callins*
**JOEL A. J. CALLINS**
**Senior Attorney I**
Georgia Bar No. 105255
(404) 546-4151 *Direct*
jcallins@atlantaga.gov

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Telephone: (404) 546-4100
Fax: (404) 588-3239